## ADAM WEIR, ET AL. *v.* MAE K. BAKER

[No. 50, October Term, 1942.]

*Decided December 7, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, COLLINS, MARBURY, and GRASON, JJ.

*W. Clinton McSherry,* with whom was *James W. Gill* on the brief, for the appellants.

*William M. Storm,* with whom was *Sherman P. Bowers* on the brief, for the appellees.

GRASON, J., delivered the opinion of the Court.

Adam Weir and David Weir held two judgments entered against Chester G. Baker in the Circuit Court for Frederick County. They issued execution on each judgment and Guy Anders, the sheriff of Frederick County, on August 26, 1941, levied upon certain property said to be "the lands and tenements, goods and chattels, rights and credits of Chester G. Baker," the return of which was duly made and schedule of the property levied upon filed by the sheriff on September 3, 1941. On the same day there was instituted in said court by Chester G. Baker and Mae K. Baker, his wife, tenants by the entireties, trading as Baker Coal Company, a suit against Adam Weir, David Weir and Guy Anders, sheriff, Chester G. Baker, individually, in which Baker and his wife claimed that the property levied upon by the sheriff and contained in the schedule duly returned by him was held by them as tenants by the entirety and was not the individual property of Chester G. Baker.

On the 26th day of March, 1942, suggestion was made by plaintiff's attorneys of the death of Chester G. Baker, No petition was filed by plaintiff or defendants asking that the administrator or executor (if there was such representative) of Chester G. Baker he made a party to the case. The case proceeded in the name of his surviving wife, Mae K. Baker, as plaintiff, and the Weirs and sheriff as defendants; was tried before the court without the aid of a jury and a verdict was returned for the surviving claimant for the property claimed and one cent damages and costs. Thereafter judgment was

entered on the verdict and from the judgment so entered an appeal was taken to this court.

Two questions are presented on this record: "a" was Mae K. Baker a competent witness, and "b" whether the facts in the case support the finding of the court below.

It is contended that Mrs. Baker was barred from testifying by Section 3 of Article 35 of the Annotated Code of Maryland, 1939. This section is well known to the profession and has been dealt with by this court in a number of cases. It in terms provides: "In actions or proceedings by or against executors, administrators, heirs, devisees, legatees or distributees of a decedent as such, in which judgments or decrees may be rendered for or against them * * * no party to the cause shall be allowed to testify as to any transaction had with, or statement made by the testator, intestate, ancestor or party so incompetent to testify, either personally or through an agent since "dead." On the face of this record the personal representative of Chester G. Baker is not a party. In considering the propriety of the court's action in permitting Mrs. Baker to testify, the facts and circumstances of the case must, of course, be given consideration. It would appear to be unjust, in a case where a husband attempted to use property held by himself and his wife as tenants by the entireties (without the knowledge of the wife), to prevent her from giving the court the full history of such holding. To do otherwise would permit a husband, without the authority of his wife, to destroy with impunity their title by the entireties. Such a conclusion could only be justified by a harsh rule of law that would permit the court no other alternative. It seems to us that it would be extending Section 3 of Article 25 quite unduly to hold that Mrs. Baker was an incompetent witness, with no personal representative as a party. In the case of *Harford National Bank v. Rutledge*, 124 Md. 46, 91 A. 790, a note was given by Dr. Rutledge and his wife to Allen Hoffman, which was discounted at the bank and subsequently suit was brought

by the bank against Dr. Rutledge and his wife. In that case Dr. Rutledge was permitted to testify as to transaction had by him with Hoffman, who at that time was dead, to which objection had been made that he was incompetent so to testify under the Acts of 1902, Chap. 495. The action of the court in overruling the objection and permitting Dr. Rutledge to testify was affirmed by this court. The changes that have since been made in the Acts of 1902 do not affect this case as an authority on the point. We are therefore of opinion that there was no error by the court below in permitting Mrs. Baker to testify.

Dealing with the second question: It was conceded that the real estate was held as tenants by the entireties. The trucks levied upon were in the name of husband and wife and it cannot be successfully contended, in view of *Brewer v. Bowersox,* 92 Md. 567, 48 A. 1060, that tenancy by the entireties, as to these trucks, did not exist. The trades licenses were in the name of husband and wife as joint owners, prior to and at the time of the death of the husband, and under the facts of the case the wife took the rights under these licenses as survivor upon the death of the husband. The bank accounts were "in trust, for C. G. Baker and Mae K. Baker, joint owners, subject to the check of either, the balance at the death of either to belong to the survivor." These accounts in the name of the husband and wife, though involving a trust, nevertheless exhibit one of the main characteristics of a tenancy by the entirely to wit, survivorship. It appears that certain property here involved was assessed in the name of the husband and thereafter changed to the names of the husband and wife. This was the condition of the title of their properties at the time the levy was made by the sheriff. All of this testimony was very strong evidence that the property seized by the sheriff in execution on the judgments was not the individual property of the husband, but was property held by the husband and wife.

Mr. Baker signed an application for electric service used in the business in his name and a financial statement to the bank was signed in his name. In this statement was listed the real estate, which is conceded to have been held at the time as tenants by the entireties, the trucks, which were titled in the names of husband and wife, and other property contained in the schedule returned by the sheriff as levied upon. There is no evidence that Mrs. Baker knew that her husband submitted this statement to the bank. This being so, it is perfectly manifest that the mere submission of this statement by the husband to the bank could not destroy the holding of the husband and wife as tenants by the entirety. And we think that the signing of the application for electric service by the husband alone cannot overcome the testimony offered on behalf of the claimant. We are, therefore, of opinion that there was sufficient evidence in this case upon which the court below based its conclusions and the judgment appealed from will be affirmed.

*Judgment affirmed, with costs to the appellee.*